UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 23, 2015 ★
BROOKLYN OFFICE

CHARLES BENNETT, aka MICHAEL SHANNON,
Petitioner

District #12 Cr. 88(ILG)
Appeal #13-2993-cr

v.

United States Supreme
Court # 14-9333

UNITED STATES OF AMERICA,
Respondent.

**CV 15          5608**

M E M O R A N D U M                    GLASSER, J.

### APPLICATION IN SUPPORT OF CHARLES BENNETT'S PETITION UNDER 28 U.S.C. §2255

Charles Bennett respectfully submits this application in support of Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 by Prisoner in Federal Custody. For the reasons that follow, Charles Bennett's (the "petitioner") petition should be granted.

### BACKGROUND

**1. Offense Conduct**

On January 13, 2012, the petitioner was observed on the fifth floor of a New York City Housing Authority building (the Warren Houses, located at 572 Warren Street, Brooklyn, New York) by officers who saw petitioner leaning down and placing an item that later was identified as a firearm (.45 caliber Colt MK-IV simiautomatic pistol). [Presentence Report("PSR") ¶¶ 4-9]. The petitioner was charged by indictment on January 31, 2012, with being a felon in possession of a firearm and ammunition, in



violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)(1). [PSR ¶ 1].

### 2. Conviction and Appeal

On December 16, 2012, the petitioner proceeded to trial before United States District Judge I. Leo Glasser and a jury. [PSR page 1]. On December 18, 2012, the jury returned a guilty verdict on the §922(g)(1) of the indictment [Id]. The Probation Department prepared a PSR in anticipation of sentencing. While a violation of 18 U.S.C. § 922(g)(1) ordinarily carries a statutory maximum ten years' imprisonment [18 U.S.C. § 924(a)(2)], the PSR took the position that the petitioner was subject to a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C., §924(e). As relevant here, the ACCA requires a mandatory minimum fifteen-year sentence for any defendant with three prior convictions that are either a "serious drug offense," or a "violent felony," a term defined to include any crime punishable by a term of imprisonment exceeding one year, that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another.**" 18 U.S.C. §924(e)(2)(B) (emphasis added). The bold portion of the statute is commonly known as the "residual clause." See, e.g., Johnson v. United States, 559 U.S. 133, 145 (2010); United States v. Lynch, 518 F.3d 164 (2nd Cir. 2008).

The PSR alleged that the petitioner had three prior adjudications that qualified as ACCA predicates [PSR ¶20]. The

- 2 -

PSR alleged that the three prior felony convictions that qualified as ACCA predicates are: a 1978 attempted burglary in the third degree [PSR ¶40]; a 1981 attempted robbery in the first degree [PSR ¶42]; and a 1989 murder in the second degree [PSR ¶43] also see [PSR ¶47 & 48]. The PSR caculated the petitioner's Guidelines for the §922(g)(1) charge and §924(e)(1) to be 188 months to 235 months [PSR ¶¶99 & 100].

At the petitioner's July 31, 2013 sentencing, the court imposed a sentence at the low end of the Guidelines sentencing range applicable to the § 922(g)(1) and § 924(e) mandatory minimum of 180 months followed by five year supervision. The petitioner appealed both his conviction and sentence. The Court of Appeals for the Second Circuit affirmed the petitioner's conviction and sentence (United States v. Bennett, 604 Fed. Appx. 11, No. 13-2993-cr (2nd Cir. March 4, 2015), Cert., denied 135 S.Ct. 2338, No. 14-9333 (May 18, 2015).

At the time of the petitioner's sentencing in 2013, and his direct appeal (March 4, 2015), case law dictated that attempted burglary in the third degree qualified as a "violent felony" for ACCA purposes under the residual clause of 18 U.S.C. §924(e)(2)(B)(ii). James v. United States, 550 U.S. 192 (2007); United States v. Lynch, 518 F.3d 164 (2nd Cir. 2008); and United States v. Andrello, 9 F.3d 247 (2nd Cir. 1993).

### 3. First Section 2255 Motion

The petitioner now files his first Section 2255 motion (pro se) in this Court based on Johnson v. United States, 135 S.Ct. 2551 (2015) WL2473450 (June 26, 2015). In Johnson, the

Supreme Court overruled James v. United States, 550 U.S. 192 (2007)(which held that the residual clause covered Florida's offense of attempted burglary) and Sykes v. United States, 564 U.S. 1 (2011)(which held that the residual clause covered Indiana's offense of vehicular flight from law enforcement officers), and held that imposing an increased sentence under the residual clause of the ACCA violates the Due Process Clause. Johnson, 2015 WL 2473450, Id. at *4-*11 (June 26, 2015). The petitioner argues that in light of Johnson, his 1978 adjudication for attempted burglary in the third degree is not an ACCA predicate and implicitly argues that he is no longer an armed career criminal.

Petitioner will show that **(1)** throughout his sentencing and direct appeal the Second Circuit's binding precedent (United States v. Lynch, 518 F.3d 164 [2nd Cir. 2008]) and the Supreme Court's binding precedent (James v. United States, 550 U.S. 192 [2007]) had specifically addressed the petitioner's distinct prior state conviction that triggered § 924(e) and had squarely foreclosed his § 924(e) claim that attempted burglary in the third degree did not qualify as a violent felony; **(2)** after petitioner's direct appeal the Supreme Court's decision in Johnson, as extended by the Court to petitioner's distinct prior conviction, overturned the Second Circuit's precedent that had squarely foreclosed his § 924(e) claim; **(3)** the new rule announced in Johnson applies retroactively on collateral review; **(4)** as a result of Johnson's new rule being retroactive, petitioner current sentence exceeds the 10—year statutory maximum authorized by Congress in § 924(a); and **(5)** § 2255

x

reaches petitioner's pure § 924(e)—Johnson claim that his ACCA enhancement under the residual clause [§ 924(e)(2)(B)(ii)] was a sentence imposed in violation of the Constitution or laws of the United States above the statutory maximum penalty in § 924(a). A new rule announced by the supreme Court applies retroactively for purposes of a first § 2255 motion. Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013)( "we now hold that the new rule announced [] applies retroactively for purposes of a first § 2255 motion....") Id. at 1277.

Other circuits also have concluded (albeit in the context of a first § 2255 motion) that announced substantive new rule do apply retroactively. See Jones v. United States, 689 F.3d 621, 625-26 (6th Cir. 2012)(explaining that, although Begay's new rule did not alter the underlying elements of the crime, the new rule nonetheless "involved the substantive construction of a criminal statute" that determined the maximum lawful punishment certain classes of defendants may receive)(Internal quotation marks and alteration omitted)). Welch v. United States, 604 F.3d 408, 413-15 (7th Cir. 2010)(noting that Begay "did not norrow any of the elements of a criminal offense" and that, "[w]hen the elements of a crime are norrowed, that change serves to prohibit any punishment for the conduct"; but Begay nonetheless altered the statutory maximum amount of punishment that the law can impose for a § 922(g) crime, and thus Begay prohibits some of that punishment).

When the Supreme Court announces a new rule, "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding," Chaidez v. United States, 568 U.S. ___, 133

S.Ct. 1103, 1107, 185 L. Ed. 2d 149 (2013), with two exceptions. First, "[n]ew substantive rules generally apply retroactively" on collateral review. Including "decisions that narrow the scope of a criminal statute by interpreting its terms" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52, 124 S.Ct. 2519, 159 L. Ed. 2d 442 (2004). The Supreme Court explained that such substantive rules apply retroactively "because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or face a punishment that the law cannot impose upon him." Id. at 352, 124 S.Ct. at 2522-23 (emphasis added)(internal quotation marks omitted).

Johnson thus narrowed the class of people who are eligible for the § 924(e) increased statutory minimum 15—years and a statutory maximum of life for a § 922(g) crime. As a result, a significant risk exists that petitioner, who was sentenced before Johnson, has erroneously received the increased penalties under § 924(e) and now is serving a prison term above the otherwise applicable statutory maximum of 10—years - "a punishment that the law cannot impose" upon him. See Schriro, 542 U.S. at 352, 124 S.Ct. at 2522-23.

Before leaving first Section 2255 motion, one clirification is needed. The Supreme Court's above jurisprudence about retroactivity generally is quite different from the stricter, statutory retroactivity requirements in 28 U.S.C. § 2255(h), which govern second or successive § 2255 motions. To qualify as a retroactive

- 6 -

"new rule of constitutional law" under § 2255(h), "the Supreme Court itself must make the rule retroactive." In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). "[I]t is not enough that this Court may retroactively apply a new rule of constitutional law or hold that a new rule of constitutional law satisfies the criteria for retroactive application set forth by the Supreme Court...." Id.

### ARGUMENT

Petitioner implicitly argues that Section 2255 is available in this Johnson ACCA case because the petitioner can show that his application satisfies §2255 first filing and that Johnson is retroactive.

#### 1. General Principles

A federal prisoner may file a first Section 2255 in the district court where the conviction and sentence occurred. While Section 2255(b) provides, in pertinent part,

> If the court finds that the judgment was [unlawful for various specified reasons], the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. Id.

Section 2255(b) also provides, in pertinent part, that a judgment is unlawful, and relief is available, where "the convic-

tion or sentence is unconstitutional or violates other federal law, or where the conviction or sentence is otherwise vulnerable to collateral attack." §2255(b). In light of Johnson, the petitioner argues that his ACCA enhancement under the residual clause (§924(e)(2)(B)(ii)) was a sentence imposed in violation of the Constitution or laws of the United States.

### 2. Johnson Announced a Previously Unavailable New Rule of Constitutional Law

Three of the conditions are easily satisfied. First, Courts have recognized that a new rule is "previously unavailable" if it was not issued until a defendant was sentenced and pursued his first §2255 petition. Here, the petitioner files his first §2255 petition; Johnson was not decided until June 26, 2015. See United States v. Price, ___ F.3d ___, 2015 WL 4621024, at *1 (7th Cir. Aug 4, 2015).

Second, Johnson announces a rule "of constitutional law." Johnson holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson 2015 WL 2473450, at *11. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. Id. at *11. Price, 2015 WL 4621024, at *1.

Third, Johnson announced a "new rule." A rule is "new" if it was not "dictated by precedent existing at the time the defendant's conviction became final." Chaidez v. United States, 133 S.Ct. 1103,

1107 (2013)(quoting Teague v. Lane, 489 U.S. 288, 301 (1989)); see also Graham v. Collins, 506 U.S. 461, 467 (1993).

The result in Johnson was not dictated by precedent at the time the petitioner's conviction became final. Indeed, while petitioner's direct appeal became final on May 18, 2015, at that time the Supreme Court's position was that the residual clause included the Florida offense of attempted burglary, held that the clause was not unconstitutionally vague. James v. United States, 550 U.S. 192, 210 n.6 (2007); also see United States v. Lynch, 518 F.3d 164, 168-69 (2nd Cir. 2008)("For [] attempted burglary [] to constitute violent felony under the ACCA, [it] would have to fall under the residual, or 'otherwise,' clause [], because [it would not] qualify as one of the four enumerated offenses.").

Johnson explicitly overruled both James and Sykes. Johnson, 2015 WL 2473450, at *11. ("Our contrary Holdings in James and Sykes are overruled.") "The explicit overruling of an earlier holding no doubt creates a new rule." Saffle v. Parks, 494 U.S. 484, 488 (1990); see also Whorton v. Bockting, 549 U.S., 406, 416-417 (2007)(Crawford v. Washington, 541 U.S. 36 (2004), was a new rule because it overruled prior Confrontation Clause precedent). Thus, Johnson announced a new rule of constitutional law not previously available to the petitioner. Price, 2015 WL 4621024, at *1.

"A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Herrera-Gomez v. United States, 755 F.3d 142 (2nd Cir. 2014)(citing and quoting Tyler v. Cain, 533 U.S. 656, 121

- 9 -

S.Ct. 2478, 150 L. Ed. 2d 632 (2001). "The clearest instance, of course, in which [it has] expressly [] held the new rule to be retroactive in a case of collateral review and applied the rule to that case." Id. at 668 (O'Connor, J., Concurring) (Herrera-Gomez, 755 F.3d 142, 145-146). However, the Supreme Court left open the possibility that, "with the right combination of holdings," it could make a new rule retroactive for purposes of the successive habeas statutes over the course of two or more cases, but only if the holdings in those cases necessarily dictate retroactive by any of these means.

### 3. Johnson Deemed Retroactive

The new rule in Johnson was made retroactive under Tyler v. Cain, 533 U.S. 656 (2001) (Multiple holdings of the Court, taken together, "necessarily dictate" retroactivity of the new rule). Thus, when the Supreme Court vacated a Section 2255 claim (after the Johnson rule) alleging an unconstitutional sentence under U.S.S.G. §4B1.1 (career offense status) because the conviction for possession of a sawed-off shot gun was not a crime of violence. See Beckles v. United States, 579 Fed. Appx. 833, 834 (11th Cir., 2014), Vacated, 576 U.S. \_\_\_\_ [97 CrL 403], No. 14-7390 (2015), it made Johnson retroactive by way of multiple holdings.

The fourth requirement is that Johnson's new rule have been "made retroactive to cases on collateral review by the Supreme Court." Consistent with the Seventh Circuit's decision in Price, the petitioner has made a showing that the Supreme Court has made Johnson retroactive to ACCA cases on collateral review

because, as to ACCA cases, Johnson is a substantive ruling.

Under Teague v. Lane, 489 U.S. 288 (1989), new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484, 495 (1990). New Substantive rules, by contrast, are given retroactive effect in cases on collateral review. See, e.g., Schriro v. Summerlin, 542 U.S. 348, 352 n.4, 353 (2004)("A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."); Bousley v. United States, 523 U.S. 614, 618 (1998).

Petitioner request that this Court rule in conformity with the Court of Appeals for the Seventh Circuit that Johnson's striking of the residual clause as unconstitutional is a substantive rule as to ACCA defendants. Cf. Welch v. United States, 604 F.3d 408, 413-415 (7th Cir. 2010)(prior Supreme Court decision limiting reach of ACCA held substantive). Johnson does not simply alter sentencing procedures; rather, it specifically forbids substantive application of a statute. Because Johnson's rule is substantive and the Supreme Court has established that substantive rules apply retroactively, the petitioner has made a showing that the Johnson rule has been "made retroactive to cases on collateral review by the Supreme Court,".

Under Teague, new rules of criminal procedure do not apply retroactively on collateral review of already-final convictions unless they constitute "watershed rules." Teague, 489 U.S. at 311. The Supreme Court has held, however, that substantive rules are not

subject to Teague at all, and they necessarily apply retroactive on collateral review. See Beard v. Banks, 542 U.S. 406, 411 n.3 (2004)("Rules that fall within what we have referred to as Teague's first exception 'are more accurately characterized as substantive rules not subject to [Teague's] bar'")(quoting Schriro v. Summerlin, 542 U.S. 348, 352 n.4 (2004)). As the Court has explained, "Teague by its terms applies only to procedural rules." Bousley, 523 U.S. at 620. Because the rule announced in Johnson has a substantive component as to ACCA defendants, as it substantively limits on constitutional grounds the convictions that qualify to increase the statutory minimum and maximum penalties for defendants convicted of offenses subject to the ACCA, it would be regarded as "substantive" for Teague purposes and apply retroactively to the petitioner's conviction.

The divide between substantive and procedural rules, as it has evolved in the Supreme Court's decisions, reflects the fundamental difference between the way a case is adjudicated (procedure) and the possible outcomes of the case (substance). Originally, Teague borrowed from Justice Harlan's formulation to describe "substantive rules," which should be applied retroactively, as those that placed certain primary conduct beyond the reach of the criminal law. 489 U.S. at 307 (quoting Mackey v. United States, 401 U.S. 667, 692 (1971)(Harlan, J., cocurring)). The Court subsequently expanded the category to include decisions precluding categorically a particular type of punishment or protecting a particular class of persons from punishment. Penry v. Lynaugh,

492 U.S. 302, 329-330 (1989)("[A] new rule placing a certain class of individuals beyond the State's power to punish by death is analogous to a new rule placing certain conduct beyond the State's power to punish at all.").

The Court again expanded the class of substantive rules in Bousley, 523 U.S. at 620-621, holding that Teague does not apply to changes in the substantive scope of a criminal statute that have the effect of placing certain conduct outside the reach of the law. Thus, "[n]ew substantive rules ... include[] decisions that narrow the scope of a criminal statute by interpreting its terms," plus "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Summerlin, 542 U.S. at 351-352 (emphasis in original). This is because any decision "holding that a substantive federal criminal statute does not reach certain conduct" will "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Such a substantive rule "alters the range of conduct or the class of persons that the law punishes." Summerlin, 542 U.S., at 353; see also Saffle, 494 U.S. at 495 (substantive rule will "prohibit the imposition of ... punishment on a particular class of persons").

Under this analysis, substantive rules affect the range of permissible outcomes of the criminal process, while procedural rules govern the "manner of determining the defendant's culpability."

Summerlin, 542 U.S. at 353 (emphasis removed); also see, e.g., Hodge v. United States, 602 F.3d 935, 937-938 (8th Cir. 2010). Procedural rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise," which, the Court stated, is possibly too "speculative" to warrant retroactivity. Summerlin, 542 U.S. at 352. Taken together, the Supreme Court's descriptions of "substantive" and "procedural" rules under Teague produce the conclusion that rules that go beyond regulating only the "manner" of determining culpability—and instead categorically change the range of outcomes—should be treated as substantive rules.

If this analysis is correct, Johnson is a substantive rule because it constitutionally narrows the class of offenders covered by the ACCA and places certain offenders beyond the government's power to punish under that statute. Thus, Defendant's convicted under 18 U.S.C. § 922(g) who have sustained prior felonies that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," and who do not have three convictions that qualify as a "serious drug offense" or the surviving portion of the "violent felony" definition in 18 U.S.C., § 924(e)(2), can no longer be subjected to a formerly mandatory fifteen year minimum term of imprisonment. Petitioner has made a showing that Johnson "alters that range of conduct or the class of persons that the law punishes." Summerlin, 542 U.S. at 353.

The Johnson rule does not "regulate only the manner of determining the defendant's culpability." Summerlin, 542 U.S. at 353. It does not shift the trier of fact, change the rules regarding admissible evidence, or require additional procedural advisements. Instead, it concludes that defendants convicted of certain substantive prior offenses, including most obviously the two specific statutes the Court previously held covered by the residual clause in James and Sykes, now fall outside the class of persons who may be imprisoned for more than ten years for their illegal possession of a firearm.

By contrast, the decisions that the Supreme Court has classified as procedural have altered only the process used to determine a defendant's culpability without expanding or narrowing for any particular defendants the range of possible outcomes of the criminal process. In Summerlin, for instance, the Court emphasized that its holding in Ring v. Arizona, 536 U.S. 584 (2002), that a sentencing judge may not make the aggravating findings that subject a defendant to the death penalty, did not "alter the range of conduct Arizona law subjected to the death penalty." Summerlin, 542 U.S. at 353. "Instead, Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death." Id.; see also Saffle, 494 U.S., at 486, 495 (rule concerning the permissibility of instructing the jury not to rely on sympathy for the defendant was procedural; range of outcomes continued to include death or a less severe sentence); Graham, 506 U.S. at 477 (rule concerning the manner in

which a sentencing jury considered mitigating evidence was procedural; range of outcomes continued to include death or a less severe sentence). Unlike these decisions, Johnson does not simply address the "manner of determining" a defendant's culpability. Instead, it alters the range of conduct federal law subjects to the enhanced penalties of the ACCA by excluding entirely certain felons who previously qualified.

Lending further support to an argument that Johnson is substantive is that, prior to striking the residual clause as unconstitutional, the Supreme Court on two occasions narrowed its statutory scope. See Begay, 553 U.S. at 148 (clause did not cover New Mexico felony of driving under the influence); Chambers v., United States, 555 U.S. 122, 130 (2009)(clause did not cover felony failure to report to a penal institution under Illinois law). The Seventh Circuit determined that Begay was a substantive rule, rather than a procedural one, that applied on collateral review because it "narrowed the scope of a criminal statute" and led directly to "'a punishment that the law cannot impose.'" Welch v. United States, 604 F.3d 408, 414 (7th Cir. 2010); see also Hawkins v. United States, 706 F.3d 820, 824 (7th Cir. 2013); Jones v. United States, 689 F.3d 621, 624-26 (6th Cir. 2012); United States v. Shipp, 589 F.3d 1084, 1090-1091 (10th Cir. 2009). Johnson equally narrows the scope of the ACCA and will, in the case of some defendants, lead directly to increased minimum and maximum punishments that the law cannot impose.

The Supreme Court's decisions in Begay and Chambers did not authorize retroactivity. This was not because those decisions were procedural rather than substantive, but instead because they "did not announce constitutional rule." United States v. Wyatt, 672 F.3d 519, 522 (7th Cir. 2012); see also Nunez v. United States, 96 F.3d 990, 992 (7th Cir. 1996)(second or successive motions under Section 2255 permitted only for "developments of constitutional magnitude"). Johnson, however, is a decision of constitutional law, striking a congressional enactment based on the Due Process Clause. Johnson, 2015 WL 2473450, at *11 ("We hold that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."). For all these reasons, the petitioner has substantial arguments that Johnson should be regarded as substantive under Teague.

The Seventh Circuit has agreed with this analysis, finding Johnson to be a new substantive rule which, in light of Tyler, has been made retroactive by the Supreme Court to cases on collateral review. Price, 2015 WL 4621024, at **2-3. Johnson was decided on June 26, 2015, by the Supreme Court. Indeed, after Johnson the Supreme Court vacated Beckles v. United States, 576 U.S. ___, No. 14-7390 (June 30, 2015). Beckles appealed the denial of his 28 U.S.C. § 2255 motion. Beckles, 579 Fed. Appx. 833 (11th Cir., 2014).

In In re Rivero, ___ F.3d ___, 2015 WL 4747749 (11th Cir., Aug. 12, 2015), the Eleventh Circuit held that although Johnson

was a substantive rule, it had not been made retroactive by the Supreme Court. 2015 WL 4747749, at **2-3. That holding was an error, the dissent believed that the majority erred in finding that no combination of holdings necessarily dictates that Johnson should be applied retroactively as to ACCA cases.

For these reasons, the petitioner has made a sufficient showing of merit to warrant a full exploration by the district court as to whether he deserves the same relief as Johnson: the vacating of his sentence.

C O N C L U S I O N

The 28 U.S.C. § 2255 motion should be granted so this Court can correct petitioner's sentence without using the ACCA enhancement under 18 U.S.C. § 924(e)(2)(B)(ii).

Respectfully Submitted,

*Charles Bennett*
Charles Bennett, pre se
Federal Prisoner: 79911-053
FCI Danbury
Route 37
Danbury, CT 06811

Certificate of Service

I, CHARLES BENNETT, hereby certify under penalty of perjury that on Sept., 17, 2015, I served a true copy of: 28 U.S.C. § 2255 motion and this application on the following party (by United States Mail):

Nadia Shihata, Esq., Assistant United States Attorney, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, N.Y. 11201.

*Charles Bennett*

- 18 -

State of Connecticut   County of Fairfield
I certify this to be the original document
on this 16 day of 9, 2015.
*S. McNease*
Stephanie McNease, Notary Public
My Commission Expires 10-19-15